IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Harrison Street Real Estate Capital, LLC<br><br>Plaintiff,<br><br>v.<br><br>Harrison Street Advisors, LLC<br><br>Defendant. | Case No. _____<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Harrison Street Real Estate Capital, LLC ("Harrison Street" or "Plaintiff"), by and through its undersigned counsel, brings this action for trademark infringement, false designation of origin, and unfair competition under federal law and common law trademark infringement and unfair competition against Defendant Harrison Street Advisors, LLC ("Defendant" or "Harrison Street Advisors") and alleges as follows:

## INTRODUCTION

1. Plaintiff Harrison Street is a leading investment management firm, with a focus on investing in real estate assets. Through its headquarters in Chicago, Illinois and London, England, the company currently manages $56 billion dollars in real estate assets. Since at least as early as 2005, Harrison Street has been providing a wide range of real estate services under the HARRISON STREET trademark and through its subsidiary and SEC-registered investment advisor, Harrison Street Advisors, LLC.

2. Defendant Harrison Street Advisors is based in Newtown Square, Pennsylvania and provides consulting services for real estate development and capital improvement related

projects, operating under the name Harrison Street Advisors (the "Infringing Mark"). Harrison Street Advisors, with full knowledge of Harrison Street's prior rights, provides nearly identical and highly related services.

3. Harrison Street Advisors uses the identical phrase "HARRISON STREET" as the most prominent portion of its name, in a plain effort to encourage customers to believe that Harrison Street Advisors' services are offered or approved by, related to, or endorsed by Harrison Street when they are not. Although Harrison Street attempted to reach an amicable resolution with Harrison Street Advisors and was assured that Harrison Street Advisors would change its name, Harrison Street Advisors has failed to do so, and Harrison Street cannot stand by and allow likely consumer confusion to occur. As a result, Harrison Street brings this lawsuit to protect its hard-earned reputation, valuable goodwill in its trademarks, and its consumers from confusion.

## PARTIES

4. Harrison Street Real Estate Capital LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 444 West Lake Street, Suite 2100 Chicago, Illinois 60606.

5. Upon information and belief, Harrison Street Advisors is a limited liability company organized and existing under the laws of Pennsylvania, with a principal place of business at 6041 Goshen Road, Newton Square, Pennsylvania 19073.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement under 15 U.S.C. § 1114(1), trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a), and common-law trademark infringement and unfair competition.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Harrison Street Advisors' principal place of business and upon information and belief, only place of business, is located in the Eastern District of Pennsylvania.

8. The Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) over these claims because the parties are citizens of different states and the amount in controversy exceeds $75,000.

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

## FACTUAL ALLEGATIONS

**Harrison Street's Valuable Trademark Rights**

10. Founded in 2005, Harrison Street is a leading investment management firm focusing on alternative real assets which, since its founding, has invested over $67 billion in a variety of sectors, including senior housing and education-related real estate, with $56 billion in assets under management and with close to 600 investors. Since its founding, Harrison Street has acquired over 1,600 assets and sold over 650 assets. Harrison Street's broad experience includes investments on, near, or in partnership with 200+ universities and 30 top health systems and approximately 120 leading operating partners and its activities include real estate development and management.

11. Given Harrison Street's prominence, reputation and long-standing use of the HARRISON STREET name, the HARRISON STREET mark is widely recognized and well known among the relevant consuming public.

12. Harrison Street is the owner of the following United States trademark registrations for its HARRISON STREET mark:

| Trademark | Registration Date | Full Goods/Services |
|---|---|---|
| **HARRISON STREET**<br><br>Reg. No.: 4589316 | August 19, 2014 | 36: financial services, namely, providing investment advice, investment management, and investment consultation services and providing financial information, analysis, and research services; real estate management, investment, evaluation, and assessment services; financial consulting in the field of real estate investment and development; management of private equity funds; private equity fund investment services; providing venture capital, development capital, private equity and investment funding |
| HARRISON STREET<br><br>Reg. No.: 6971376 | February 7, 2023 | 35: business development and business management in the field of energy utilities and infrastructure<br><br>36: Financial services, namely, providing investment advice, investment management, and investment consultation services and providing financial information, analysis, and research services; real estate management, investment, evaluation, and assessment services; financial consulting in the field of real estate investment and development; management of private equity funds; private equity fund investment services; providing venture capital, development capital, private equity and investment funding; asset acquisition, development, and management in the field of energy utilities and infrastructure |

13.     True and correct copies of the U.S. Trademark Registration Certificates for the HARRISON STREET marks are attached hereto as **Exhibit 1**.

14.     Harrison Street's registrations referenced above are valid and subsisting, in full force and effect, and constitute *prima facie* evidence of Harrison Street's exclusive right to use

4

the HARRISON STREET Mark in commerce in the United States in connection with the services specified in the registrations.

15. The HARRISON STREET registration (Reg. No. 4589316) is incontestable and constitutes conclusive evidence of the validity of the mark, Harrison Street's ownership of the mark, and its exclusive right to use the HARRISON STREET Mark in commerce in the United States in connection with the service specified in the registrations.

16. In addition to rights from the above registrations of Harrison Street's marks, through its use and promotion, Harrison Street owns valid common law rights in HARRISON STREET, which date back to at least as early as 2005 (collectively, the "HARRISON STREET Mark").

17. Harrison Street extensively advertised, promoted, and provided its real estate focused investment services throughout the United States, including in this District. The HARRISON STREET Mark is a valuable asset of Harrison Street and serves as a principal symbol of Harrison's Streets extensive goodwill. Because of the widespread and long-standing use, high profile and significant investments, the trade and purchasing public have come to recognize the HARRISON STREET Mark as signifying Harrison Street and as identifying Harrison Street as the services provided under the HARRISON STREET Mark.

18. Harrison Street has won numerous awards for its services including: PERE Awards for four consecutive years (2020-2023) in multiple categories including Alternatives Investor of the Year, Global Data Centers of the Year-North America, and ESG Firm of the Year – North America in 2023, Best in Building Health Award for five consecutive years (2020-2024), 2023 PREA ESG Momentum Award, and Pensions & Investments Best Places to Work in Money Management 2014-2020 and 2022-2023.

19. As a result of Harrison Street's extensive and continuous use and promotion of the HARRISON STREET Mark, the HARRISON STREET Mark is widely recognized and has acquired substantial value as a specific identifier of the source of quality services and serve to identify and distinguish the HARRISON STREET services from those of others.

**Harrison Street Advisors' Infringing Use of the HARRISON STREET Mark.**

20. Harrison Street became aware of Harrison Street Advisors' use of the Infringing Mark in or around May of 2021 and demanded that Harrison Street Advisors cease use of the Infringing Mark.

21. Despite being on constructive and actual notice of Harrison Street's rights, Harrison Street Advisors continues to use and display a nearly identical mark in connection with a broad range of real estate consulting services that are highly similar to the services offered by Harrison Street. For example, Harrison Street Advisors advertises on its website that it provides due diligence, cost estimates and review, and strategic and master planning services all related to real estate project management, which are all services that Harrison Street also provides to its clients under the HARRISON STREET Mark. There is not only a direct overlap with respect to the provision of real estate-related services but also significant overlap with respect to specific types of projects. For example, both Harrison Street and Harrison Street Advisors manage and develop projects for universities. Therefore, not only are the services closely similar, but the businesses may be providing services to the same, or at a minimum very similar, customers.

22. On multiple occasions, Harrison Street Advisors assured Harrison Street that it understood Harrison Street's objection and intended to change its name. With that assurance, Harrison Street allowed a reasonable period for Harrison Street Advisors to move forward with its planned rebranding. When Harrison Street learned in December 2023, that Harrison Street

Advisors had still taken no action to transition to a new name and brand, it again demanded that Harrison Street Advisors change its name to avoid consumer confusion. Once again, Harrison Street received reassurance from Harrison Street Advisors that plans to rename were underway and that it would no longer use "Harrison Street" as part of its name. However, Harrison Street has not seen any evidence that the promised rebranding is under way and has received no information about the date by which the rebranding will be accomplished. As a result, Harrison Street is left to believe that the promises are in fact a delaying tactic and that Harrison Street Advisors no longer intends to move forward with its planned rebranding.

23. Harrison Street Advisors' actions are likely to cause confusion in the minds of the relevant consumers as to the source regarding the source of Harrison Street Advisors' consulting services.

24. Harrison Street has no ability to control the quality of Harrison Street Advisors' services. This loss of control over the nature, quality, or pricing, and marketing of Harrison Street Advisors' services negatively impacts Harrison Street and its hard-earned reputation.

25. Harrison Street Advisors' conduct is knowing, intentional, and willful.

26. As a direct result of Harrison Street Advisors' conduct, Harrison Street has suffered, and will continue to suffer, irreparable harm including, but not limited to, irreparable harm to its reputation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

## COUNT I
## Trademark Infringement Under 15 U.S.C. § 1114(1)

27. Harrison Street hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

28. Harrison Street owns two valid trademark registrations for HARRISON STREET, including one registration which is incontestable.

29. Without Harrison Street's consent, Harrison Street Advisors adopted, used, and continues to use the Infringing Mark, a mark that is incorporates the HARRISON STREET Mark in its entirety and is virtually identical to it, in connection with the offering, distribution, sale and/or advertising of services, which is likely to cause confusion, mistake, or to decieve, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

30. Harrison Street Advisors' activities described above have, at all times, been willful and/or knowing.

31. As a direct and proximate result of Harrison Street Advisors' actions described above, Harrison Street has been damaged and will continue to be damaged if not enjoined.

32. Harrison Street Advisors' actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Harrison Street to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT II
### Trademark Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a)

33. Harrison Street hereby incorporates by reference and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

34. Harrison Street Advisors' actions, as described above, including its use of the Infringing Mark constitute use in commerce of a word, term, name, symbol, or device, or combination thereof, and a false designation of origin that is likely to cause confusion or mistake in the public mind or to deceive the public, as to the origin, sponsorship, or approval of Harrison Street Advisors, its services, and/or its commercial activities by or with Harrison Street, and

therefore constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of 15 U.S.C. § 1125(a).

35. Harrison Street Advisors had actual or constructive knowledge of Harrison Street's ownership of the HARRISON STREET Mark, and Harrison Street Advisors is committing the foregoing acts with full knowledge that it is infringing upon Harrison Street's rights. As a result, Harrison Street Advisors' activities described above have, at all times, been willful and/or knowing.

36. As a direct and proximate result of Harrison Street Advisors' actions described above, Harrison Street has been damaged and will continue to be damaged if not enjoined.

37. Harrison Street Advisors' actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Harrison Street to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III
## Common Law Trademark Infringement and Unfair Competition

38. Harrison Street incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

39. This cause of action arises under the Commonwealth of Pennsylvania's common law trademark and unfair competition.

40. Harrison Street Advisors' use of the Infringing Mark constitutes common law trademark infringement and unfair competition in violation of common law.

41. Harrison Street Advisors' acts of common law trademark infringement and unfair competition have been done willfully and deliberately, and Harrison Street Advisors profited and has been unjustly enriched.

42. Harrison Street Advisors' willful and deliberate acts described above caused injury and damages to Harrison Street and caused irreparable injury to Harrison Street's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Harrison Street has no adequate remedy at law.

## JURY DEMAND

Harrison Street respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Harrison Street prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to the following:

A. An Order preliminarily and permanently enjoining and restraining Harrison Street Advisors, its officers, principals, successors, agents, servants, employees, attorneys, and anyone acting in active concert or participation with any of them:

1. From using in any manner the HARRISON STREET Mark or any marks, names, trade dress, designs, symbols or devices that are identical, substantially indistinguishable from, confusingly similar to, dilutive of, or that may tarnish any of the HARRISON STREET Mark;

2. From further diluting and infringing Harrison Street's HARRISON STREET Mark and damaging Harrison Street's reputation and goodwill in the HARRISON STREET Mark;

3. From otherwise unfairly competing with Harrison Street in any manner;

        4.    From aiding, assisting, or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs A(1)-(3) above;

    B.    An Order directing Harrison Street Advisors to destroy all materials that consist of, bear, or display the Infringing Mark, or any marks, names, trade dress, and designs that are confusingly similar to or likely to dilute or tarnish such marks, in accordance with 15 U.S.C. § 1118 and other applicable laws;

    C.    An Order directing Harrison Street Advisors to file with this Court and serve on Harrison Street's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

    D.    An Order requiring Harrison Street Advisors to account for and to pay any and all profits arising from the foregoing acts of infringement, false designation of origin, unfair competition, and an increasing of such profits for payment to Harrison Street in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

    E.    An Order requiring Harrison Street Advisors to pay Harrison Street the cost for corrective advertising and/or to engage in corrective advertising in a manner directed by the Court;

    F.    An Order requiring Harrison Street Advisors to pay actual and compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, unfair competition, and trebling such compensatory damages for payment to Harrison Street in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

G. An Order declaring that Harrison Street Advisors' infringement was knowing, willful, and intentional;

H. An Order requiring Harrison Street Advisors to pay Harrison Street's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117, and other applicable statutes and laws;

I. An Order requiring Harrison Street Advisors to pay pre-judgment interest, post-judgment interest, the costs of suit and reasonable attorneys' fees to the extent not specified above; and

J. An Order awarding any other such relief the Court deems just and proper under any other applicable law.

Dated: August 2, 2024          **DLA PIPER LLP (US)**

By: */s/ J. Kevin Fee*

J. Kevin Fee (PA Bar No. 81715)
Jane W. Wise
500 Eighth Street
Washington, DC 20004
Tel. 202.799.4441
kevin.fee@us.dlapiper.com
jane.wise@us.dlapiper.com

Keith W. Medansky (*pro hac vice* forthcoming)
Hilary Remijas (*pro hac vice* forthcoming)
444 West Lake Street
Suite 900
Chicago, IL 60606
Tel.312.368.2194
Hilary.Remijas@us.dlapiper.com

*Counsel for Harrison Street Real Estate Capital, LLC*